

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2005

# Terrell v. Hawk

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Terrell v. Hawk" (2005). *2005 Decisions.* Paper 338.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/338

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-364                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2642

HARRY J. TERRELL,

Appellant

v.

DIRECTOR KATHLEEN HAWK, Federal Bureau of Prisons;
MICKEY RAY; Director, Federal Bureau of Prisons Northeast Regional Office;
WARDEN ZENK, FCI Allenwood; WILLIAM H. LANE, Supervisor of Education,
FCI Allenwood; T. SHIMKUS, Unit Manager, FCI Allenwood; Q. BLANTON,
Supervisor of Recreation, FCI Allenwood; D. WOLEVER, Recreation Specialist,
FCI Allenwood

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-00263)
District Judge: Edwin M. Kosik

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 9, 2005

BEFORE: ALITO, McKEE and AMBRO, Circuit Judges

(Filed : October 26, 2005)

OPINION

PER CURIAM

        Appellant Harry J. Terrell, proceeding pro se, appeals the April 14, 2005, order of

the United States District Court for the Middle District of Pennsylvania granting the defendants' summary judgment. For the reasons that follow, we will summarily affirm the order of the District Court.

The parties are familiar with the facts, so we will only briefly revisit them here. In February 2002, Terrell filed the underlying complaint in the District Court. In his complaint, Terrell alleged that upon his arrival at FCI-Allenwood, the defendants allowed him to store art supplies, including paints, pencils, brushes, and canvasses, in the prison art room. Terrell further alleged in his complaint that in February 2000, in violation of BOP regulations, the defendants negligently confiscated and destroyed some of the art supplies he had stored in the art room, including two completed paintings. Although Terrell estimated the value of the supplies at $ 2000.00, in his complaint he sought $ 2.5 million in compensatory and punitive damages for the confiscation and destruction of his property.

The District Court initially construed Terrell's complaint as one filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and on October 29, 2002, dismissed the action, finding Terrell's claims to be either untimely or without merit. On appeal, this Court agreed with the District Court that Terrell had failed to state a viable Bivens claim, but vacated the October 29, 2002, order and remanded the matter for consideration of Terrell's complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA").

Following remand, the defendants filed a motion to dismiss, or, in the alternative,

2

for summary judgment. On April 14, 2005, after concluding that it lacked subject matter jurisdiction over Terrell's action pursuant to 28 U.S.C. § 2680(a), the District Court granted the defendants' motion for summary judgment. In the alternative, the District Court concluded that Terrell failed to allege a negligence cause of action. This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of an order granting summary judgment. McLeod v. Hartford Life and Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). As the District Court explained, summary judgment is appropriate if "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc). Because this appeal presents "no substantial question," see 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's April 14, 2005, order.

In general, the United States enjoys sovereign immunity from lawsuits seeking monetary damages. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA constitutes a waiver of that immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, the FTCA is subject to a number of exceptions, including the discretionary function exception

3

contained in § 2680(a).

In relevant part, the discretionary function exception provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Whether the discretionary function exception bars suit against the United States depends upon two factors. See Berkovitz v. United States, 486 U.S. 531, 536 (1988); see also In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 363 (3d Cir. 2001). First, it must be determined that no "federal statute, regulation or policy specifically prescribes a course of action" to be taken by an employee. Berkovitz, 486 U.S. at 536. Second, if an employee retains judgment as to whether to pursue a particular course of action, a court must next determine whether the decision to act is "susceptible to policy analysis." United States v. Gaubert, 499 U.S. 315, 325 (1991); see also Berkovitz, 486 U.S. at 536-37 (noting that the exception represents the desire of Congress to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort) (citations and quotations omitted).

When Terrell's art supplies were allegedly confiscated and destroyed in February 2000, BOP Program Statement 5370.08 provided that, to reduce fire hazards and to conserve space, unidentified abandoned or completed "art and hobbycraft items" were "subject to removal and disposal at the discretion of an institution's administration." Thus, while BOP Program Statement 5370.08 directed the method of disposal for marked

4

items, the regulation did not articulate a mandatory course of action for prison administrators and employees to follow when confronted with unidentified (Terrell does not dispute that his art supplies were "unidentified"), abandoned or completed art supplies. Instead, the plain language of the regulation indicates that such decisions were clearly discretionary in nature. Moreover, BOP Prison Statement 5370.08 implicates a number of public policy considerations, such as inmate safety, general concerns for prison safety, and the effective use of limited resources. Because both factors of the discretionary function exception were met here, the District Court correctly concluded that it lacked subject matter jurisdiction over Terrell's complaint.

Finally, even if jurisdiction were not lacking under the discretionary function exception, or the due care exception as the District Court found, see 28 U.S.C. § 2680(a), we agree with the District Court that Terrell's claim would fail on the merits.

For the foregoing reasons, we will summarily affirm the District Court's April 14, 2005, order.

5